**Elizabeth NUNLEY, Plaintiff,**

v.

**PIONEER PLEASANT VALE SCHOOL DISTRICT # 56, and Bill Noak, individually and as principal, Defendants.**

**John Kerr, Defendant/Applicant in Intervention.**

No. CIV–01–909–R.

United States District Court, W.D. Oklahoma.

July 13, 2001.

Matthew N Davis, Mitchell & DeClerck, Enid, OK, for Elizabeth Nunley.

John E Priddy, Jerry A Richardson, Matthew P Cyran, Rosenstein Fist & Ringold, Tulsa, OK, for Pioneer Pleasant Vale School District # 56 and Bill Noak.

Stephen L Jones, Jones & Wyatt, Enid, OK, for John Kerr.

## ORDER

DAVID L. RUSSELL, Chief Judge.

Before the Court is the motion of John Kerr to intervene as a defendant in this action. He contends that he has a right to intervene pursuant to Rule 24(a), F.R.Civ.P., and, alternatively, he should be permitted to intervene pursuant to Rule 24(b)(2), F.R.Civ.P. Plaintiff opposes intervention, contending that this action will not impair or impede Mr. Kerr's ability to protect his interests and that the Oklahoma Teacher Due Process Act offers more than adequate protection of Kerr's liberty and property interests. Plaintiff also asserts that the application for intervention is a mere subterfuge for gaining access to the extensive discovery allowed in civil matters to assist Kerr in the defense of a criminal action, thereby avoiding the limitations on criminal discovery, citing *United States v. Stewart*, 872 F.2d 957 (10th Cir.1989).

Rule 24(a)(2) of the Federal Rules of Civil Procedure provides as follows:

> Upon timely application anyone shall be permitted to intervene in an action: ... (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the

applicant is so situated that *the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest,* unless the applicant's interest is adequately represented by existing parties.

F.R.Civ.P. 24(a)(2) (emphasis added).

Movant John Kerr is a teacher and coach who was formerly employed by Defendant School District. He is the individual whom Plaintiff alleges "repeatedly raped, sexually abused, molested and assaulted the plaintiff," a minor, Complaint at ¶ 8, which allegation as well as others form the basis for Plaintiff's claims under 42 U.S.C. § 1983, Title IX of the Education Amendments of 1972, 20 U.S.C. §§ 1681 *et seq.,* as amended in the Civil Rights Restoration Act of 1987. Clearly, Movant John Kerr claims and has an interest in the transaction(s) which are the subject of this action. Applicant is not currently employed and is seeking employment as a teacher and coach. Disposition of this action in Plaintiff's favor could *as a practical matter* impair or impede Movant's employability. Disposition of this action may also impair or impede Applicant's ability to protect his reputation. The Oklahoma Teacher Due Process Act, Okla. Stat. tit. 20, § 6–101.20 *et seq.,* does not provide protection for an individual seeking employment as a teacher/coach who in a civil suit has been found to have molested or raped a former student. Finally, the Movant's interest is not adequately protected by the existing parties in this suit, who may defend this action on the grounds that they did not know of the allegations against Kerr or that they had actual knowledge but adequately responded by conducting an investigation and referring the matter to law enforcement officials. Alternatively, as Movant points out, Defendants could defend on the basis that during their investigation Plaintiff admitted that there was no basis for the rumors or complaint. Defendants could prevail in this action without "proving" that Movant did not commit the acts alleged by Plaintiff.

The criminal case, *State v. Kerr,* Case No. CF–2001–316 in the District Court of the Judicial District of the State of Oklahoma in and for Garfield County, which, Plaintiff contends, Movant wants to obtain discovery herein for use in, involves alleged lewd molestation, rape by instrumentation and forcible sodomy of Brandi Jones, not the Plaintiff herein. While the Court cannot say that discovery herein might not incidentally benefit Movant in defending the criminal charges, in light of the fact that the victim/complaining witness in the criminal case and the Plaintiff in the case before this Court are different, the Court is not persuaded that Movant's proposed intervention is made for the improper purpose of avoiding limitations on discovery the criminal matter and obtaining discovery in this case to be used in defending the criminal case.

In accordance with the foregoing, the motion of John Kerr to intervene as a Defendant pursuant to F.R.Civ.P. 24(a)(2) is GRANTED.